# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NASH WILLIAMS, | Civil Action No. 17-6895 (MAS) (DEA) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| BARRY NADROWSKI, et al., | |
| Defendants. | |

Plaintiff Nash Williams, a prisoner currently confined at the Mid-State Correctional Facility in Wrightstown, New Jersey, seeks to bring this civil action *in forma pauperis* ("IFP"), without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Court previously denied Petitioner's first IFP application, on the account that Plaintiff failed to submit a proper six-month prison account statement certified by an authorized prison official as required by 28 U.S.C. § 1915(a). (Order, Sept. 13, 2017, ECF No. 2.) Presently before the Court is Plaintiff's second IFP application (ECF No. 4).

In this new application, Plaintiff submits only a partial statement, covering the period between June 14, 2017 and October 10, 2017. (*See* ECF No. 4 at 5-7.) Furthermore, the statement was not certified. Since the Complaint was filed on September 5, 2017, the statement does not cover the six-month period immediately preceding the filing of the Complaint. *See* 28 U.S.C. § 1915(a)(2). Although the statement shows that Plaintiff was confined at the South Woods State Prison prior to June 14, 2017, it is Plaintiff's responsibility to obtain a certified account statement from *each* prison during the relevant six-month period. *Id.* Indeed, Plaintiff was notified of this requirement in the previous order. (*See* Order 3 n.1, Sept. 13, 2017.) A proper IFP application, in this matter, must contain certified prison account statement(s) covering the period between March

5, 2017 and September 5, 2017, and if Plaintiff was incarcerated at two different prisons during that time period, he must obtain a certified account statement from *each* prison.

Also before the Court is Plaintiff's motion to appoint pro bono counsel. (ECF No. 5.) Because Plaintiff has not satisfied the fee requirements for the instant matter, his motion is premature, and is dismissed without prejudice.

IT IS therefore on this 23rd day of October, 2017,

**ORDERED** that the Clerk shall **REOPEN** the case by making a new and separate docket entry reading "CIVIL CASE REOPENED";

**ORDERED** that Plaintiff's request to proceed *in forma pauperis* (ECF No. 4) is hereby **DENIED WITHOUT PREJUDICE**;

**ORDERED** that Plaintiff's motion to appoint pro bono counsel (ECF No. 5) is hereby **DISMISSED WITHOUT PREJUDICE** as premature;

**ORDERED** that the Clerk shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee;

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, including proper certified six-month prison account statement(s), or (2) the $400 fee including the $350 filing fee plus the $50 administrative fee; the writing shall also include a complaint that has been signed by Plaintiff;

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and

2

administrative fees within the time allotted by this Court, along with a signed complaint, the Clerk will be directed to reopen this case; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

／s／ _Michael A. Shipp_
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE